# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**DOUGLAS REX BROWN,**

     **Plaintiff,**

**vs.**                                               **Case No. 4:16cv419-WS/CAS**

**JULIE L. JONES,**
**TONY ANDERSON,**
**and JASON CARTER,**

     **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  In a separate Order entered this day, Plaintiff was granted in forma pauperis status and his complaint was reviewed as required by 28 U.S.C. § 1915A.  The complaint was deemed insufficient to state a claim against Defendants Anderson and Jones anbd Plaintiff was directed to submit an amended complaint.

A short time after case initiation, Plaintiff filed a "petition for protective injunction."  ECF No. 4.  Plaintiff's complaint alleged that he was placed in

a cell and set up by an officer when another inmate was placed in his cell and requested to attack Plaintiff.  ECF No. 1.  The motion for an injunction notes that event, and states that when Plaintiff sought to file an emergency grievance to Secretary Julie Jones, it "was high jacked by institution officials."  ECF No. 4 at 2.  That grievance was returned without action because it was not submitted on the proper form.  *Id.*

Judicial notice is taken that the Secretary does not personally respond to grievances.  Other personnel respond on her behalf.  There are no facts indicating Plaintiff is in any danger from the Secretary, the person Plaintiff asserts that a protective injunctive be issued to in order to protect him.  ECF No. 4 at 1.

Plaintiff contends that he faces harm and has resorted to arming himself.  ECF No. 4 at 4.  Plaintiff does not indicate that he has requested protective custody.  Plaintiff also does not sufficiently allege that he faces harm from a named Defendant.  The motion is insufficient on its face.

Additionally, granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing

United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary

injunctive relief may be granted only if the moving party establishes:

> (1) a substantial likelihood of success on the merits;

> (2) a substantial threat of irreparable injury unless the injunction

> issues;

> (3) the threatened injury to the movant outweighs whatever
> harm the proposed injunction may cause the opposing party;
> and

> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon

Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720

F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an

extraordinary and drastic remedy and should not be granted unless the

movant "clearly carries the burden of persuasion" of all four prerequisites,

which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176

(11th Cir. 2000); Jefferson County, 720 F.2d at 1519 (citing Canal Auth. v.

Callaway, 489 F.2d 567 (5th Cir. 1974)).

Here, Plaintiff's original complaint was found insufficient to properly

state a claim and Plaintiff has been required to submit an amended

complaint.  Thus, Plaintiff has correspondingly failed to meet the

Case No. 4:16cv419-WS/CAS

prerequisites for injunctive relief.  There is no need to go "farther than the first prong of this analysis because [Plaintiff] cannot show a substantial likelihood of success on the merits." Pine v. City of West Palm Beach, FL, 762 F.3d 1262, 1268 (11th Cir. 2014).  Therefore, the instant motion, ECF No. 4, must be denied without prejudice as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, ECF No. 4, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 26, 2016.


 s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**


Case No. 4:16cv419-WS/CAS